UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **BANNER LIFE INSURANCE COMPANY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:25-cv-1372 |
| **MELISSA B. KERHIN, EMELE J. KERHIN,** **H.K., a minor, by Jerome Becker, Guardian ad Litem, J.K., a Minor, by Jerome Becker, Guardian ad Litem, and S.K., a minor, by Jerome Becker, Guardian ad Litem**, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Banner Life Insurance Company ("Banner Life"), by and through its attorney, Craig M. Bargher of Chittenden, Murday & Novotny LLC, states as follows for its Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure:

### I. PARTIES

1. Banner Life is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Frederick, Maryland, and is a citizen of the State of Maryland.

2. Defendant Melissa B. Kerhin ("Melissa") resides in and is domiciled in West Allis, Milwaukee County, Wisconsin, and is a citizen of the state of Wisconsin.

3. Defendant Emele J. Kerhin ("Emele") resides in and is domiciled in Hartford, Washington County, Wisconsin, and is a citizen of the state of Wisconsin.

4. Defendant H.K. (a minor) resides in and is domiciled in Hartford, Washington County, Wisconsin, and is a citizen of the state of Wisconsin. Defendant H.K. is named in this

action through their Guardian ad Litem, Jerome Becker. Per 28 U.S.C. § 1332(c)(2), Jerome Becker, in his capacity as Guardian ad Litem, is deemed to be a citizen of Wisconsin.

5. Defendant J.K. (a minor) resides in and is domiciled in Hartford, Washington County, Wisconsin, and is a citizen of the state of Wisconsin. Defendant J.K. is named in this action through their Guardian ad Litem, Jerome Becker. Per 28 U.S.C. § 1332(c)(2), Jerome Becker, in his capacity as Guardian ad Litem, is deemed to be a citizen of Wisconsin.

6. Defendant S.K. (a minor) resides in and is domiciled in Hartford, Washington County, Wisconsin, and is a citizen of the state of Wisconsin. Defendant S.K. is named in this action through their Guardian ad Litem, Jerome Becker. Per 28 U.S.C. § 1332(c)(2), Jerome Becker, in his capacity as Guardian ad Litem, is deemed to be a citizen of Wisconsin.

## II. JURISDICTION & VENUE

7. This is a Complaint for Interpleader brought under Rule 22 of the Federal Rules of Civil Procedure, FED. R. CIV. P. 22.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that diversity of citizenship exists between Banner Life and each of the Defendants, and that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that all defendants reside in this district.

## III. CLAIM FOR RELIEF IN INTERPLEADER

10. Banner life restates and incorporates by reference Paragraph Nos. 1-9 of the Complaint as though fully set forth herein.

11. Banner Life issued a Renewable and Convertible Term Life Insurance policy, Policy No. XXXX9659 (the "Policy") to Matthew J. Kerhin ("Matthew") as the Owner and

Insured, with a Face Amount of $500,000.00 and a Policy Date of October 27, 2014. A copy of the Policy is attached hereto as Exhibit 1, with personal identifying information and protected health information redacted.

12. In the application for the Policy (the "Application"), Matthew designated his wife, Emele, as the Policy's Primary Beneficiary, and his minor children, H.K. and J.K., as the Policy's Contingent Beneficiaries. A copy of the Application, with personal identifying information and protected health information redacted, is attached to the Policy, Ex. 1.

13. On or about May 6, 2022, a Beneficiary Designation Form, dated April 27, 2022 and bearing Matthew's signature, (the "Beneficiary Designation Form"), was submitted to Banner Life. A copy of the Beneficiary Designation Form is attached hereto as Exhibit 2, with personal identifying information and protected health information redacted.

14. The Beneficiary Designation Form designated Emele as the Primary Beneficiary and Melissa as the Contingent Beneficiary. Ex. 2.

15. Banner Life received and recorded this beneficiary change. A copy of Banner Life's May 9, 2022 letter to Matthew, confirming the beneficiary change, is attached hereto as Exhibit 3.

16. On information and belief, on August 21, 2024, Matthew and Emele were divorced pursuant to a Judgment and Marital Settlement Agreement ("MSA") in the Circuit Court of Washington County, Wisconsin.

17. The MSA provided, in pertinent part:

> Each party shall keep in full force and pay the premiums on all life insurance presently held upon their life, naming the minor children of the parties as sole primary beneficiaries in equal shares, until the youngest of the minor children reaches age of 18 or age 19 if they are pursuing a high school diploma or its equivalent. If current coverage is lost, the party with the current life insurance policies shall provide equivalent coverage. Each party shall furnish the other with proof of the named sole primary beneficiary upon request. This

provision may be satisfied in a will or trust.

18. Matthew never submitted a completed beneficiary form naming the minor children of the parties as the sole primary beneficiaries in equal shares of the Policy.

19. Matthew died on February 6, 2025.

20. Emele submitted a Proof of Loss Claimant's Statement to Banner Life, which was dated April 7, 2025.

21. Emele also submitted a copy of the August 19, 2024 Marital Settlement with Minor Children, a copy of the August 21, 2024 Findings of Fact, Conclusions of Law, and Judgment with Minor Children, and a copy of Matthew's Death Certificate. A copy of Emele's Proof of Loss Claimant's Statement and the attachments are attached hereto as Group Exhibit 4.

22. On April 28, 2025, Banner Life sent a letter to Emele notifying her of a possible competing claim to the death benefits of the Policy (the "April 28, 2025 letter"). A copy of the April 28, 2025 letter is attached hereto as Exhibit 5.

23. Banner Life received a notice of Matthew's death from Melissa on April 21, 2025.

24. Upon Melissa's request, Banner Life sent Melissa a Proof of Loss Claimant's Statement form on April 29, 2025, along with a cover letter (the "April 29, 2025 letter") that explained that Banner Life had received a competing claim asserting entitlement to all or a portion of the policy proceeds. A copy of the April 29, 2025 letter is attached hereto as Exhibit 6.

25. Melissa has not filed a Claim to the Policy's proceeds.

26. On May 20, 2025, Banner Life received a letter from attorney Louis R. Briska on behalf of Emele (the "May 20, 2025 letter") that asserted that the minor children of Matthew and Emele were to be the primary beneficiaries of the Policy, according to the MSA. A copy of the May 20, 2025 letter is attached hereto as Exhibit 7.

27. In the May 20, 2025 letter, attorney Louis R. Briska asserted that "the Kerhin children will be making a Claim against the Policy through the Probate Estate of Matthew Kerhin, most likely through their Guardian Ad Litem, Attorney Jerry Becker." May 20, 2025 letter, Ex. 7.

28. On May 22, 2025, Banner Life received an Affidavit of Attorney-Mediator Trisha B. Festerling dated and notarized May 20, 2025 ("Festerling Affidavit"), sent on behalf of attorney Louis R. Briska. A copy of the Festerling Affidavit is attached hereto as Exhibit 8.

29. The Festerling Affidavit stated, in pertinent part:

> \*\*\*
> 3. I was engaged by Emile (sic) Kerhin and Matthew Kerhin while employed at Divergent Family Law/Grieve Law, LLC, to provide mediation services for their Divorce Case filed in Washington County as Case 24-FA-93.
>
> \*\*\*
> 6. It was the intention of Emele Kerhin and Matthew Kerhin that by listing the Northwestern Mutual and Banner Life Policy, in Section N.2., that [H.K., J.K., and S.K.] were to be named, in equal shares, as the primary beneficiaries of both the NML and Banner Life Policy.
>
> 7. Despite the unchecked box at Section N. of the Marital Settlement Agreement, the understanding and intention of the parties was to maintain the life insurance policies naming their children as beneficiaries.

Festerling Affidavit, Ex.8.

30. Wisconsin has a revocation on divorce statute that provides, in pertinent part:

> (3) Revocation upon divorce. Except as provided in subs. (5) and (6), a divorce, annulment or similar event does all of the following:
>
>> (a) Revokes any revocable disposition of property made by the decedent to the former spouse or a relative of the former spouse in a governing instrument.

Wis. Stat. Ann. § 854.15(3)(a).

31. If Wisconsin's revocation upon divorce statute revokes Emele's primary beneficiary designation, then the Policy proceeds would be paid to Melissa as the contingent beneficiary.

32. By reason of Matthew's death, Banner Life admits its contractual liability under the Policy in the amount of $500,000.00, plus any applicable interest thereon.

33. Banner Life cannot discharge its admitted liability under the Policy without exposing itself to multiple litigation, multiple liability, or both.

34. Banner Life will seek leave of this Court to deposit the proceeds of the Policy in the amount of $500,000.00, plus any applicable interest thereon, into the Registry of the Court pending further order by this Court as to whom among the Defendants may be entitled to receive such proceeds.

35. Banner Life is a disinterested stakeholder claiming no interest in the proceeds of the Policy and is indifferent as to which of the Defendants is entitled to those amounts. Justice and equity dictate that Banner Life should not be subject to the disputes, or potential disputes, among the Defendants. Banner Life respectfully requests that that this Court order Defendants to litigate all matters relevant to the Policy amongst themselves and that the Court dismiss and discharge Banner Life from all further proceedings and award Banner Life its attorney fees and costs out of the proceeds deposited with the Court.

**WHEREFORE**, Plaintiff Banner Life Insurance Company requests judgment as follows:

A. Granting Banner Life leave to deposit its admitted liability, representing the proceeds under Policy No. XXXX9659 insuring the life of Matthew Kerhin, plus any applicable interest, into the Registry of the Court, pending further order of this Court;

B. Granting judgment to Banner Life and declaring that Banner Life has no further liability

to Defendants Melissa Kerhin, Emele Kerhin, H.K., a minor, by and through Jerome Becker, Guardian ad Litem, J.K., a Minor, by and through Jerome Becker, Guardian ad Litem, and S.K., a minor, by and through Jerome Becker, Guardian ad Litem, or to any of them, or to any person or entity claiming through them, for the proceeds of Policy No. XXXX9659 insuring the life of Matthew Kerhin or arising out of his death;

C. Finding that Banner Life has acted in good faith by interpleading its admitted liability under the Policy into the Registry of this Court;

D. Excusing Banner Life from further attendance in this cause, ordering Defendants to litigate their claims and contentions concerning the Policy without further involving Banner Life, and dismissing Banner Life from this cause with an express finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delaying either enforcement or appeal of the interpleader judgment;

E. Awarding Banner Life its attorney fees and court costs incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited into the Registry of the Court; and

F. Granting Banner Life such further and other relief as this Court deems just and appropriate.

Dated: September 9, 2025                                Respectfully submitted,

/s/ Craig M. Bargher
Craig M. Bargher
(IL Bar No.: 6215735)
*Attorney for Plaintiff*
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)
cbargher@cmn-law.com